[Civil No. 129. Filed May 25, 1885.]

[S. C. 7 Pac. 176.]

L . BASHFORD et al., Plaintiffs and Respondents, **v.** GEORGE D. KENDALL, Defendant and Appellant.

1. VERDICT—UNCERTAINTY—PRACTICE TO REMEDY—NOT CURED BY JUDGMENT.—Where a verdict is too uncertain to justify judgment the jury may be requested to retire and put it in proper form, but where the verdict is bad for uncertainty it cannot be corrected or cured by judgment.

2. APPEAL AND ERROR—VERDICT INCORPORATED INTO JUDGMENT VERBATIM IS BEFORE COURT WITHOUT BILL OF EXCEPTIONS.—A verdict, copied verbatim into a judgment, is before the court on appeal the same as if brought up by a bill of exceptions.

Rehearing denied March 3, 1885.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yavapai. Reversed.

The facts are stated in the opinion.

Chas. B. Rush and John Howard, for Appellant.

Rush and Wells, and Clark Churchill, for Respondents.

PINNEY, J.—This was an action in ejectment for the recovery of a portion of lot 10, in block 8, situate in the city of Prescott and county of Yavapai, more particularly described as that portion of lot 10 lying immediately west of and adjoining that particular brick building situate on lots 9 and 10, in said block 8, and occupied by Bashford & Co. as a store, commencing at a point on the north line of Gurley street, in said city, at the south-west corner of said brick building; thence west, along and with the north line of said Gurley street, six inches, to the south-west corner of said lot 10; thence north, along and with the west line of said lot 10, 125 feet, to the north-west corner of said lot 10; thence east six inches to the north-east corner of said brick building; thence south, along and with the outer edge of the west wall of said brick building, 125 feet, to the place of beginning—the same fronting six inches on said Gurley street, and running back, with a uniform width of six inches, 125 feet, to an alley.

The jury returned the following verdict: "We, the jury, find for plaintiffs, and give them two inches west of the brick wall;" on which verdict the court below entered up a judgment. The trouble with the judgment is that the verdict is too uncertain to justify it. The attempt is made to cure the defect in the verdict by the judgment. The jury might have been requested to retire and put their verdict in proper form, but where a verdict is bad for uncertainty, it cannot be corrected or cured by the judgment.

Since the decision in this case and before writing the opinion, a petition for rehearing was filed, in which it was claimed that, there being no bill of exceptions in the case, the verdict was not before the court. The petition for rehearing was denied. The verdict being copied *verbatim* into the judgment, must be considered before us, the same as if brought up by a bill of exceptions.

Judgment reversed, and new trial ordered.

Howard, C. J., and Fitzgerald, J., concurring.